UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MASSACHUSETTS ENVELOPE COMPANY,
INC. *d/b/a Grossman Marketing Group*,

                Plaintiff,

v.

JEANA C. NICOTERA, *et al.*,

                Defendants

**DECISION AND ORDER**

6:25-CV-06786 EAW CDH

## INTRODUCTION

Plaintiff Massachusetts Envelope Company, Inc. d/b/a Grossman Marketing Group ("Plaintiff" or "Grossman") brings this action against defendants Jeana C. Nicotera, Brown-Eyed Girl Promotions LLC, Kathryn R. Arcuri, Samantha L. Vella, and Chad E. Clark (collectively, "Defendants"), claiming that Defendants have breached confidentiality and non-solicitation agreements with Plaintiff. (Dkt. 1). Plaintiff has also filed a motion for a preliminary injunction, which is pending before Chief District Judge Elizabeth A. Wolford. (Dkt. 4). An evidentiary hearing on Plaintiff's preliminary injunction motion is set for April 27, 28, and 29, 2026. (Dkt. 47).

This Decision and Order addresses a pending motion to seal filed by Plaintiff. (Dkt. 10). Plaintiff seeks to file redacted copies of an Asset Purchase Agreement ("APA") between Grossman and Cooley Group, Inc. ("Cooley") as exhibits to its preliminary injunction motion (*see* Dkt. 4-2; Dkt. 4-32). Defendants have not opposed

Plaintiff's motion to seal. For the reasons that follow, Plaintiff's motion to seal is granted.

## BACKGROUND

This case has been referred to the undersigned for all pretrial matters excluding dispositive motions. (Dkt. 30).

Plaintiff acquired Cooley in June of 2025 pursuant to the APA. (Dkt. 4-1 at ¶ 4; Dkt. 4-34 at 2). Following the acquisition, Plaintiff has run Cooley as a division of Grossman (Dkt. 4-1 at 2 n.2), which the Court will refer to as the "Cooley Division."

Under the APA, the purchase price consists solely of quarterly earn-out payments that Grossman makes to Cooley based on the gross profit generated by the Cooley Division. (*Id.* at ¶ 6; Dkt. 4-34 at 2). As a condition of the acquisition, Plaintiff required all Cooley employees who would continue working for the Cooley Division to sign confidentiality and non-solicitation agreements. (Dkt. 4-1 at ¶ 7). The agreements contain certain confidentiality obligations and restrictive covenants that are the subject of Plaintiff's preliminary injunction motion. (*See* Dkt. 4-34 at 3).

Plaintiff filed its motion for a preliminary injunction on January 5, 2026. (Dkt. 4). In support thereof, Plaintiff submitted declarations by David Grossman (Dkt. 4-1) (the "Grossman Declaration") and Karie Ballway (Dkt. 4-27) (the "Ballway Declaration"). A copy of the APA is included as Exhibit 1 to the Grossman Declaration and as Exhibit 5 to the Ballway Declaration. (*See* Dkt. 4-2; Dkt. 4-32).

Plaintiff filed the instant motion to seal on January 6, 2026. (Dkt. 10). Plaintiff's motion to seal seeks to redact certain portions of the APA on the public docket. (Dkt. 10-1).

Defendants submitted their opposition to Plaintiff's preliminary injunction motion on January 23, 2026. (Dkt. 24; Dkt. 25; Dkt. 26; Dkt. 27; Dkt. 28). As part of their opposition, Defendants submitted a declaration by defendant Jeana Nicotera. (Dkt. 25). Nicotera's declaration includes as Exhibit 3 (Dkt. 25-3) a redacted copy of a document that was circulated to Cooley employees summarizing the terms of the APA (the "APA Summary"). (*See* Dkt. 25 at ¶ 13). Defendants' counsel states that the redacted portions of the APA Summary concern information that is the subject of Plaintiff's motion to seal. (Dkt. 24 at ¶ 5). An unredacted copy of the APA Summary was temporarily filed under seal as Exhibit 2 to the declaration of Defendants' counsel, Christen Santiago, Esq. (Dkt. 24-2) (the "Santiago Declaration").

The undersigned held a conference with the parties on March 5, 2026, at which time Defendants stated they would not be opposing Plaintiff's motion seal. (*See* Dkt. 41). The Court took the motion to seal under advisement at that time. (*Id.*).

## DISCUSSION

In determining whether to seal filed materials, the Court conducts a three-step inquiry:

> First, the court determines whether the record at issue is a judicial document—a document to which the presumption of public access attaches. Second, if the record sought is determined to be a judicial document, the court proceeds to determine the weight of the presumption of access to that document. Third, the court must identify all of the factors that legitimately counsel against disclosure of the

judicial document and balance those factors against the weight properly accorded the presumption of access.

*Giuffre v. Maxwell*, 146 F.4th 165, 175 (2d Cir. 2025) (quotation omitted).

In addition to this common law framework, "courts must also attend to the 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" *Pers. Staffing Grp., LLC v. XL Ins. Am., Inc.*, No. 22-CV-10259 (JPO), 2023 WL 4304688, at *2 (S.D.N.Y. June 30, 2023) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)). "To overcome the First Amendment right of access, the proponent of sealing must demonstrate that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quotation and alteration omitted).

Turning to the documents at issue here, courts have found that exhibits filed in connection with a motion for a preliminary injunction are judicial documents entitled to a strong presumption of public access. *See, e.g.*, *Park v. Parker*, No. 1:25-CV-00789 (MAB) (SDA), 2025 WL 3493793, *2 (S.D.N.Y. Dec. 5, 2025); *Boothbay Absolute Return Strategies, LP v. Belgische Scheepvaartmaatschappij-Compagnie Mar. Belge SA*, No. 24-CV-1445 (JGLC), 2024 WL 1097128, at *8 (S.D.N.Y. Mar. 13, 2024); *Alcon Vision, LLC v. Lens.com*, No. 18-CV-0407 (NG), 2020 WL 3791865, at *5 (E.D.N.Y. July 7, 2020).

However, "the possibility of competitive harm to an enterprise if confidential business information is disclosed" is a countervailing consideration that "may overcome even [a] strong presumption[] of public access." *In re Keurig Green*

*Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, at \*3 (S.D.N.Y. Jan. 17, 2023) (collecting cases). Likewise, "the confidentiality of sensitive commercial information" is a "higher value" that may overcome the First Amendment presumption of public access. *Samsung Elecs. Co. v. Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 259 (S.D.N.Y. 2024) (quotation omitted).

The basis for Plaintiff's sealing request is that the redacted portions of the APA contain confidential business information, the disclosure of which would put Plaintiff at a competitive disadvantage with respect to "future contested acquisitions" as well as its "negotiating position with any future acquisition counterparties." (Dkt. 10-1 at 4-5). Having reviewed the unredacted copies of the APA and APA Summary, the Court finds that the proposed redactions cover specific financial information and other negotiated terms that are sufficiently sensitive to warrant sealing under Plaintiff's theory of competitive harm. Courts have granted requests to seal confidential acquisition terms based on similar theories of harm. *See, e.g.*, *News Corp. v. CB Neptune Holdings, LLC*, No. 21 CIV. 04610 (VSB), 2021 WL 3409663, at \*2 (S.D.N.Y. Aug. 4, 2021) (granting party's request to seal confidential "acquisition agreement" because "disclosure of the acquisition's economic terms . . . could disadvantage [the party] in future acquisition-related negotiations with third parties"); *AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 117CV00598BKSCFH, 2021 WL 776701, at \*6 (N.D.N.Y. Mar. 1, 2021) (permitting redaction of "the proposed purchase price and pricing structure of several proposals and counterproposals during a past acquisition negotiation").

The Court further finds that the parties' proposed redactions are narrowly tailored to protect Plaintiff's confidential information. The proposed redactions cover only a small portion of the information contained within the APA and APA Summary and will not otherwise "imped[e] the public's ability to understand the issues before the Court on the pending motion" for a preliminary injunction. *Lutz v. Kaleida Health*, No. 1:18-CV-01112 EAW, 2024 WL 4553072, at *2 (W.D.N.Y. Oct. 23, 2024). Accordingly, sealing of the information at issue is warranted under either of the applicable tests.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to seal (Dkt. 10) is granted. Within 14 days of entry of this Decision and Order, the parties shall provide the undersigned's chambers with electronic copies of the redacted and unredacted APA and the unredacted APA Summary to arrange for the filing under seal of Exhibit 1 to the Grossman Declaration (Dkt. 4-2), Exhibit 5 to the Ballway Declaration (Dkt. 4-32), and Exhibit 2 to the Santiago Declaration (Dkt. 24-2).

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:  Rochester, New York
        April 9, 2026